

FILED (JS)
US DISTRICT COURT CLERK
WESTERN DISTRICT OF KY

21 DEC 20 PM 4:03

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                            PLAINTIFF

v.                                              CRIMINAL NO. 3:21CR00090-DJH

NATHAN BERGSTROM                          DEFENDANT

**PLEA AGREEMENT**

Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the United States of America, by Michael A. Bennett, Acting United States Attorney for the Western District of Kentucky, and defendant, NATHAN BERGSTROM, and his attorney, Laura Wyrosdick, have agreed upon the following:

1.       Defendant acknowledges that he has been charged in the Indictment in this case with a violation of Title 18, United States Code, Section 922(g)(2) (Fugitive from Justice in Possession of Firearm). Defendant further acknowledges that the Indictment in this case seeks forfeiture of a Taurus TCP handgun, bearing serial number 1DO27916, and ammunition, pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461, by reason of the offense charged in Count 1 of the Indictment.

2.       Defendant has read the charges against him contained in the Indictment, and those charges have been fully explained to him by his attorney. Defendant fully understands the nature and elements of the crimes with which he has been charged.

3.       Defendant will enter a voluntary plea of guilty to Count 1 in this case. Defendant will plead guilty because he is in fact guilty of the charge. The parties agree to the following factual basis for this plea:

On March 13, 2021, the defendant, Nathan A. Bergstrom, was arrested in Louisville, Kentucky on a fugitive warrant out of Arizona in criminal case <u>State of Arizona vs. Nathan Andrew Bergstrom</u>, Case Number: PF2020145527003, charging him with possession of an illegal firearm under Arizona State Law. At the time of his arrest, Bergstrom possessed, on his person, a firearm, that is, a Taurus, PT378, TCP .380 caliber pistol bearing serial number 1D027916 on him with 7 rounds of ammunition. The firearm was not manufactured in the Commonwealth of Kentucky and therefore had traveled in interstate commerce. In addition, the firearm was transported in interstate commerce from Ohio to Kentucky.

Bergstrom was aware he had been arrested and charged in Arizona, and provided court dates to appear. He was also advised by the court in Arizona not to possess weapons while on bond. Bergstrom failed to appear at his next court date and left Arizona. Bergstrom caused another person to purchase travel tickets via Greyhound and traveled under a false name to avoid detection and conceal his status as a fugitive from law enforcement. There is evidence that Bergstrom used the application known as Telegram to communicate, which is an encrypted communication application. The information recovered on Bergstrom's phone corroborated that he used the false name Dinkley to travel via Greyhound to conceal his status as fugitive. Therefore, Bergstrom, knowing that charges had been filed, fled from Arizona ~~avoid prosecution for a crime~~ and purposefully left the jurisdiction to avoid answering for those charges.

4. Defendant understands that the charges to which he will plead guilty carries a maximum term of imprisonment of 10 years, a maximum fine of $250,000, and a 3 year term of supervised release. Defendant understands that an additional term of imprisonment may be ordered if the terms of the supervised release are violated, as explained in 18 U.S.C. § 3583.

Defendant understands that as a result of the charges to which he will plead guilty he may be ordered to forfeit a Taurus TCP handgun, bearing serial number 1DO27916, and ammunition, pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461, by reason of the offense charged in Count 1 of the Indictment.

5. Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, which may include the offense to which Defendant is pleading guilty. In addition, if he is a naturalized citizen, Defendant acknowledges that certain convictions, which may include Defendant's conviction, may expose him to denaturalization under federal law. Because removal, denaturalization, and other immigration consequences are handled in separate proceedings, Defendant understands that no one, including his attorney or the U.S. District Court, can predict with certainty how his conviction may affect his immigration, naturalization, or citizenship status. Defendant agrees to plead guilty with a full understanding that this guilty plea may lead to adverse immigration consequences, including denaturalization and possible automatic removal from the United States.

6. Defendant understands that if a term of imprisonment of more than one year is imposed, the Sentencing Guidelines require a term of supervised release and that he will then be subject to certain conditions of release. §§5D1.1, 5D1.2, 5D1.3.

7. Defendant understands that by pleading guilty, he surrenders certain rights set forth below. Defendant's attorney has explained those rights to him and the consequences of his waiver of those rights, including the following:

    A. If defendant persists in a plea of not guilty to the charges against him, he has the right to a public and speedy trial. The trial could either be a jury

trial or a trial by the judge sitting without a jury. If there is a jury trial, the jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent and that it could not convict him unless, after hearing all the evidence, it was persuaded of defendant's guilt beyond a reasonable doubt.

        B.     At a trial, whether by a jury or a judge, the United States would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence in his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

        C.     At a trial, defendant would have a privilege against self-incrimination and he could decline to testify, without any inference of guilt being drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

8.     Defendant understands that the United States Attorney's Office has an obligation to fully apprise the District Court and the United States Probation Office of all facts pertinent to the sentencing process, and to respond to all legal or factual inquiries that might arise either before, during, or after sentencing. Defendant admits all acts and essential elements of the indictment counts to which he pleads guilty.

9.     There is no restitution in this case.

10. Defendant acknowledges liability for the special assessment mandated by 18 U.S.C. § 3013 and will pay the assessment in the amount of $100 to the United States District Court Clerk's Office by the date of sentencing.

11. At the time of sentencing, the United States will

-agree that a sentence of time served at the date of sentencing is the appropriate disposition.

- United States agrees to recommend no term of supervised release (TSR) ~~in light of sentence served above low end guidelines~~. The Court is not bound by this nonbinding recommendation regarding TSR, and the Court would still maintain discretion to order TSR at its discretion.

-agree that a reduction of 2 or 3 levels below the otherwise applicable Guideline for "acceptance of responsibility" as provided by §3E1.1(a) [and (b)] is appropriate, provided the defendant does not engage in future conduct which violates any federal or state law, violates a condition of bond, constitutes obstruction of justice, or otherwise demonstrates a lack of acceptance of responsibility. Should such conduct occur and the United States, therefore, opposes the reduction for acceptance, this plea agreement remains binding and the defendant will not be allowed to withdraw his plea.

-demand forfeiture of a Taurus TCP handgun, bearing serial number 1DO27916, and ammunition, and a Sony cell phone.

12. Both parties have independently reviewed the Sentencing Guidelines applicable in this case, and in their best judgment and belief, conclude as follows:

A. The Applicable Offense Level should be determined as follows:

2K2.1(a)(7) Base 12
3E.1.1          -2
Offense level 10

B. The Criminal History of defendant shall be determined upon completion of the presentence investigation, pursuant to Fed. R. Crim. P. 32(c). Both parties reserve the right to object to the USSG §4A1.1 calculation of

defendant's criminal history. The parties agree to not seek a departure from the Criminal History Category pursuant to §4A1.3.

13. Defendant is aware of his right to appeal his conviction and that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. Unless based on claims of ineffective assistance of counsel or prosecutorial misconduct, the Defendant knowingly and voluntarily waives the right (a) to directly appeal his conviction and the resulting sentence pursuant to Fed. R. App. P. 4(b) and 18 U.S.C. § 3742, and (b) to contest or collaterally attack his conviction and the resulting sentence under 28 U.S.C. § 2255 or otherwise. Defendant specifically waives on appeal or in a collateral attack any argument that (1) the statute to which the defendant is pleading guilty is unconstitutional and (2) the admitted conduct does not fall within the scope of the statute.

14. Defendant agrees to waive any double jeopardy challenges that defendant may have to any administrative or civil forfeiture actions arising out of the course of conduct that provide the factual basis for this Indictment. Defendant further agrees to waive any double jeopardy challenges that defendant may have to the charges in this Indictment based upon any pending or completed administrative or civil forfeiture actions.

15. Defendant waives and agrees to waive any rights under the Speedy Trial Act and understands and agrees that sentencing may be delayed until the cooperation phase has been completed and title to all assets has fully vested in the United States. The reason for such waiver is so that at sentencing the Court will have the benefit of all relevant information.

16. Defendant agrees not to pursue or initiate any civil claims or suits against the United States of America, its agencies or employees, whether or not presently known to

defendant, arising out of the investigation or prosecution of the offense covered by this Agreement.

17. The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

18. Defendant agrees to interpose no objection to the United States transferring evidence or providing information concerning defendant and this offense, to other state and federal agencies or other organizations, including, but not limited to the Internal Revenue Service, other law enforcement agencies, and any licensing and regulatory bodies, or to the entry of an order under Fed. R. Crim. P. 6(e) authorizing transfer to the Examination Division of the Internal Revenue Service of defendant's documents, or documents of third persons, in possession of the Grand Jury, the United States Attorney, or the Criminal Investigation Division of the Internal Revenue Service.

19. Defendant agrees to forfeit and abandon any right to any and all evidence and property seized during the course of this investigation (including but not limited to any item subject to forfeiture), and waives any right to seek the return of any property pursuant to Fed. R. Crim. P. 41 or otherwise. Defendant understands and agrees that items seized during the course of this investigation will be destroyed or otherwise disposed of by the seizing law enforcement agency.

20. If the Court refuses to accept this agreement and impose sentence in accordance with its terms pursuant to Fed. R. Crim. P. 11(c)(1)(C), this Agreement will become null and

void and neither party shall be bound thereto, and defendant will be allowed to withdraw the plea of guilty.

21. Defendant agrees that the disposition provided for within this Agreement is fair, taking into account all aggravating and mitigating factors. Defendant states that he has informed the United States Attorney's Office and the Probation Officer, either directly or through his attorney, of all mitigating factors. Defendant will not oppose imposition of a sentence incorporating the disposition provided for within this Agreement, nor argue for any other sentence. If Defendant argues for any sentence other than the one to which he has agreed, he is in breach of this Agreement. Defendant agrees that the remedy for this breach is that the United States is relieved of its obligations under this Agreement, but Defendant may not withdraw his guilty plea because of his breach.

22. This document and the supplemental plea agreement state the complete and only Plea Agreements between the United States Attorney for the Western District of Kentucky and defendant in this case, and are binding only on the parties to this Agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified other than in writing that are signed by all parties or on the record in Court. No other promises or inducements have been or will be made to defendant in connection with this case, nor have any predictions or threats been made in connection with this plea.

AGREED:

MICHAEL A. BENNETT
Acting United States Attorney

By: _____          12/20/21
Joshua Judd                              Date

8

Assistant United States Attorney

    I have read this Agreement and carefully reviewed every part of it with my attorney. I fully understand it and I voluntarily agree to it.

_____      12/20/2021
Nathan Bergstrom                          Date
Defendant

    I am the defendant's counsel. I have carefully reviewed every part of this Agreement with the defendant. To my knowledge my client's decision to enter into this Agreement is an informed and voluntary one.

_____      12/20/2021
Laura Wyrosdick                          Date
Counsel for Defendant

MAB:JDJ