UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
(Filed Electronically)

CRIMINAL ACTION NO. 3:21-CR-90-DJH
UNITED STATES OF AMERICA, PLAINTIFF,

vs.

NATHAN A. BERGSTROM, DEFENDANT.

### DEFENDANT'S SENTENCING MEMORANDUM

Comes the Defendant, Nathan A. Bergstrom ("Defendant", or, in the alternative, "Mr. Bergstrom"), by counsel, and respectfully requests this Honorable Court to consider the following factors and sentence Mr. Bergstrom to time served. In support, the Defendant states as follows:

### I. INTRODUCTION

On December 20, 2021, Mr. Bergstrom plead guilty to one count of Unlawful Possession of a Firearm pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). DN 25 and 27. Mr. Bergstrom is scheduled to be sentenced on March 14, 2022. He is respectfully requesting the Court impose a sentence of time served because will have served approximately 9 months on this charge by the date of sentence and it is consistent with the C plea agreement in this matter. Such a sentence would be sufficient but not greater than necessary because this will be Mr. Bergstrom's first felony conviction; the first time he has served any time in custody; and is within the spirit of the guideline range for this offense.

## II.  PRE-SENTENCE REPORT

    A.    **Factual Objections**

The Defendant has no factual objections to the Final Pre-Sentence Report ("PSR").  DN 30.

    **B. Legal Objections**

The Defendant has no legal objections to the PSR.

## III.  STATUTORY SENTENCING RANGE, ADVISORY GUIDELINE RANGE AND PLEA AGREEMENT RECOMMENDATION

The charge in the Indictment to which Mr. Bergstrom pled guilty, Unlawful Possession of a Firearm, carries the following penalties:  not more than ten (10) years imprisonment pursuant to 18 U.S.C. §§922(g)(2) and 924(a)(2); not more than a $250,000 fine pursuant to 18 U.S.C. §3571(b); and not more than three (3) years of supervised release pursuant to 18 U.S.C. §3583(b)(2).

The PSR outlines a final offense level of 12.  *Id.* at ¶¶29 and 59.  Mr. Bergstrom, who has 2 criminal history points for one prior misdemeanor conviction, falls within Criminal History Category II.  *Id.* at ¶35.  This results in an advisory Guideline range of 12 to 18 months.  *Id.* at ¶59. The United States has agreed to recommend, as part of the Rule 11(c)(1)(C) plea agreement, a sentence of time served. DN 25 at ¶11.

## IV.  SENTENCING LAW

The advisory sentencing guideline range is but one factor for the Court to consider when fashioning an appropriate sentence.  Specifically, the Court must consider the advisory guidelines as well as other factors in arriving at a "reasonable" sentence that is "sufficient, but not greater than necessary" to comply with the purposes of sentencing imposed by 18 U.S.C. §3553(a)(2). Specifically, 18 § U.S.C. 3553(a) requires:

**(a) Factors to be considered in imposing a sentence.**--The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider--

**(1)** the nature and circumstances of the offense and the history and characteristics of the defendant;

**(2)** the need for the sentence imposed--

**(A)** to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

**(B)** to afford adequate deterrence to criminal conduct;

**(C)** to protect the public from further crimes of the defendant; and

**(D)** to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

**(3)** the kinds of sentences available;

**(4)** the kinds of sentence and the sentencing range established for--

**(A)** the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--

**(i)** issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

**(ii)** that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or

**(B)** in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);

**(5)** any pertinent policy statement--

**(A)** issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the

> Sentencing Commission into amendments issued under section 994(p) of title 28); and
>
> **(B)** that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.
>
> **(6)** the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> **(7)** the need to provide restitution to any victims of the offense.

Another statute that also impacts sentencing in the case at hand is 18 U.S.C. §3661. It requires that "no limitation shall be placed on the information concerning the background, character, and conduct of [the defendant] which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."

The district court must give consideration to the guidelines in determining a sufficient sentence, but it may not presume that the guideline sentence is the correct one. *Gall v. United States,* 552 U.S. 38, 46 (2007) and *Rita v. United States*, 127 S. Ct. 2456, 2465 (2007). In fact, the Court is free to consider whether the advisory guideline sentence itself "fails properly to reflect §3553(a) considerations" in this case, and/or whether the advisory guideline at issue exemplifies the Sentencing Commission's "exercise of its characteristic institutional role." *Rita, supra* at 2465 and *Kimbrough v. United States*, 128 S. Ct. 558, 575 (2007).

### V. DEFENDANT'S MOTION FOR VARIANCE

The guideline range calculated by Probation results in 12 to 18 months and the C plea agreement is for time served. Mr. Bergstrom, at the time of sentencing, will have served 9 months on this charge. Based upon arguments below, the Defendant respectfully requests the Court grant a downward variance of one level in order to accept the C plea agreement.

## VI.     THE APPROPRIATE SENTENCE FOR MR. BERGSTROM

### A.     Relevant Facts of the Offense for the Court to Consider

Mr. Bergstrom has taken responsibility for his actions in this matter. He unlawfully possessed a gun while he had a bench warrant pending in his home state of Arizona. He admitted to this conduct to authorities upon his arrest here in Louisville. DN 30 at ¶15.

The facts underlying the Arizona case consist of Mr. Bergstrom firing a short barreled rifle at a firing range in Arizona with some friends. DN 30 at ¶34. The gun belonged to a friend that was with him named Wesley Temple. *Id.* The incident occurred in December of 2020 and Mr. Bergstrom was arrested and released on January 8, 2021 for this offense. *Id.* at ¶11. He failed to show up for court in Arizona for the gun possession charge on January 21, 2021 and a bench warrant was issued. *Id.* at ¶12. Upon being arrested in Louisville on March 13, 2021, Mr. Bergstrom waived extradition and returned to Arizona where he pled guilty to a misdemeanor charge and received 90 days to serve with credit for those 90 days. *Id.* at ¶34.

### B.     Mr. Bergstrom's Personal and Criminal History

Mr. Bergstrom is 42 years old. *Id.* at p. 2. He resided in Florida for most of his life, but moved to Arizona in 2013. He has lived in Arizona since that time and now calls Arizona home. *See Id.* at ¶¶41-42 and 48-51. Mr. Bergstrom has two children; one is an adult and the other a minor. *Id.* at ¶41. His minor son was living with him at the time of arrest, but Mr. Bergstrom continued to pay child support to his ex-wife for his son. *Id.* Before his arrest, Mr. Bergstrom was current on all child support payments.

Per the PSR, Mr. Bergstrom has been consistently employed through the years. *Id.* at ¶48-52. He has held down employment despite his chronic back pain. *See Id.* at ¶43. Mr. Bergstrom reports suffering from post-laminectomy syndrome following back surgery in 2007. *Id.* This

condition manifests in continued dull back or leg pain with stabbing, sharp or pricking pain in the extremities. Prior to his incarceration, Mr. Bergstrom managed his pain through physician-monitored medical marijuana use. *Id.* at ¶¶43 and 46. He is currently prescribed Naproxen, 500 mg, twice daily by the Grayson County Detention Center. *Id.* at ¶43. However, this is not helping his pain. *Id.*

Mr. Bergstrom also suffers from mental health issues. Based upon childhood trauma from sexual abuse by his stepfather, Mr. Bergstrom has been diagnosed with rape-related post-traumatic stress disorder (RRPTSD). *Id.* at ¶¶40 and 44. He has been under the care of a psychiatrist for this condition since 2010. *Id.* at ¶44. Currently, Grayson County Detention Center is prescribing Mr. Bergstrom an anti-depressant for this disorder. *Id.* He is receiving no other treatment in the form of therapy or otherwise from the facility.

Mr. Bergstrom's prior criminal history consists of the misdemeanor Arizona case referenced above. This federal conviction will be his first felony conviction. Moreover, this is the first time that Mr. Bergstrom has ever been in jail. For this charge, as of the date of the sentencing, he will have served 275 days/9.16 months in custody.[1]

### C. A Time Served Sentence is Sufficient but Not Greater Than Necessary for these Offenses.

A time served sentence would reflect the seriousness of this offense and provide just punishment for Mr. Bergstrom's actions. As stated above, Mr. Bergstrom incurred this charge due to an outstanding bench warrant on a case that was ultimately pled down to a misdemeanor. He did not brandish or fire the weapon at issue here. Nor are there any guideline enhancements for

---

[1] Mr. Bergstrom was arrested on this charge on March 13, 2021. He was then extradited back to Arizona where he pled guilty and received 90 days to serve. *Id.* at ¶34. He has been in on a federal hold since March 13, 2021. *Id.* By the undersigned's calculations, Mr. Bergstrom will have been in custody on this federal offense for 275 days/9.16 months on the date of sentencing. This calculation excludes the 90 days for the Arizona state charge.

his actions—i.e. the gun wasn't stolen, it wasn't used in the commission of a felony and it had a valid serial number.  Further, because this is Mr. Bergstrom's first felony offense, he will suffer collateral consequences which include his loss of voting rights and, most importantly, his ability to carry a gun.  These collateral consequences, coupled with nine months in custody is more than sufficient punishment for these actions.

As referenced above, before this incarceration, Mr. Bergstrom had not spent any time in custody.  Because of this, a 9 month/time served sentence is a significant sentence to someone with Mr. Bergstrom's record, or lack thereof.  This sentence, due to its severity, will promote the Defendant's respect for the law and deter him from future crimes.

Mr. Bergstrom's current medical and mental health issues would be better treated in the community.  He has a long-term treating physician that understands his medical history and is best suited to treat Mr. Bergstrom.  While a correctional facility is equipped to treat Mr. Bergstrom, as evidenced by his current medication, medical treatment in custody is not effective.  For these reasons, Mr. Bergstrom's needs are better met in the community than in a correctional facility.

Lastly, while the guidelines calculated by probation are higher than anticipated by the parties, a time served sentence would still be within the spirit of the guideline calculation.  If the Court were to sentence Mr. Bergstrom to the low-end of the guidelines at 12 months and 1 day, with good time credit, he would be just shy of serving out that sentence (85% of 12 months and 1 day is 10 months).  Moreover, his sentence falls within Zone C of the guidelines which permits the Court to impose a split sentence.  Under the guidelines, the Court could sentence Mr. Bergstrom to time served with the remaining time on supervised release with home incarceration.  As noted in the PSR, there would be a waiting period where he would have to remain in Kentucky until his

supervision is transferred to Arizona. DN 30 at ¶42. However, because Mr. Bergstrom is not from Louisville, he would have nowhere to live while awaiting transfer or to do home incarceration. *Id.*

The Defendant is 42 years old with no significant prior record. Based upon this, it is not likely that he will re-offend or is need of further supervision. By virtue of his conviction, Mr. Bergstrom is prohibited from carrying or accessing firearms. This, alone, should keep him from re-offending. Although he suffers from mental illness, it has not been demonstrated that this contributed to this offense and he has independently received continuous treatment for this since 2010 (without a court order or supervision). While the Court is not bound by the parties' recommendation of no supervised release to follow, under the circumstances, it would be appropriate for Mr. Bergstrom not to be supervised. A time served sentence would cure these issues and, based upon the above information and arguments, would be a sufficient, but not greater than necessary sentence.

## VII. CONCLUSION

For the foregoing reasons, Mr. Bergstrom respectfully requests that the Court accept his C plea and sentence him to a sentence of time served because such a sentence would be sufficient but not greater than necessary under 18 U.S.C. §3553(a).

/s/ Chastity R. Beyl

Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, Kentucky 40202
(502) 584-0525
Counsel for Defendant.

## CERTIFICATE

      I hereby certify that on March 3, 2022, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the following: Joshua Judd, Assistant United States Attorney.

                                      /s/ Chastity R. Beyl